■ In the Matter of DONALD MATTHEWS, Respondent, v LOUIS J. FRANK, as Commissioner of Police of the Nassau County Police Department, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel appellants to remove from the records of the Nassau County Police Department the indication that petitioner's resignation from the department was "with charges pending", the appeal is from a judgment of the Supreme Court, Nassau County, entered September 5, 1974, which granted the application. Judgment modified, on the law, by striking from the decretal paragraph thereof the words "resigned with no charges pending" and substituting therefor the words "resigned while a complaint was pending against him, which complaint had been referred to a Disciplinary Review Board for evaluation and recommendation, on which no action was taken." As so modified, judgment affirmed, without costs. Petitioner, a former police cadet in the Nassau County Police Department, resigned from this position on April 21, 1971, ostensibly to continue his college education. Two weeks prior to tendering the resignation, a report of a violation of the police department rules and regulations was filed by petitioner's immediate superior concerning petitioner's use of obscene language in front of a female coemployee. The commissioner, to whom such reports are directed, ordered

it referred to the disciplinary review board, which took no action thereon. Nevertheless, appellants' records contained a notation that petitioner had resigned with charges pending. Petitioner alleges that his recent rejection for appointment to the New York City Fire Department was due to the fact that his police department records contained this adverse notation. On this appeal appellants argued that charges are "pending" at the moment when a violation report is forwarded to the commissioner. This contention does not find support in the appellants' own rules and regulations. The department's rules and regulations relative to the initiatory stages of any disciplinary proceeding speak of a "violation report" and not "charges". Once a matter is referred to the disciplinary review board four courses of action are open. The board may (1) dismiss the violation report, (2) file the report without further action, (3) reprimand an employee only or (4) prefer charges and specifications. Thus, under the above-outlined procedure, charges are not pending unless and until the board utilizes the fourth option. To the extent that appellants marked their records "resigned with charges pending" although the board had not preferred charges, such action was arbitrary and capricious. However, appellants may properly mark a former employee's records in a way that accurately reflects the circumstances under which the employee left his position. Rabin, Acting P. J., Hopkins, Brennan, Munder and Shapiro, JJ., concur.